[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 5861
This is an appeal by the plaintiffs applying for a reassessment of damages for the taking by the defendant of a portion of the plaintiffs' property for highway purposes, the plaintiffs claiming that the damages are inadequate. The court had the benefit of appraisal reports and testimony from two expert appraisers, both of whom reached their conclusions as to values in some measure by resort to comparable sales.
The State has taken by condemnation about 1.65 acres from a parcel of land containing a total of 3.40 acres. Thus, the plaintiffs are left with 1.75 acres remaining. On the date of taking, April 5, 1991, the property in its southerly portion was in an industrial zone; and in its northerly portion in a rural residential zone. After the taking, the remaining portion was entirely residential as to zoning. Prior to the taking the land would without question accommodate one building lot. An irregular line on the taking map shows the presence of some sort of stream which was observed by the plaintiffs' appraiser to be dry. At any rate it could cause some concern to a buyer as being in possible violation of the Town Wetlands Regulations. Section III 3.1. The plaintiffs claim that two building lots would have been possible. However, in view of the zoning regulations such an eventuality is a matter of doubt. The parties are agreed that the highest and best use of the property was for residential dwellings.
After the taking all of the industrial land is removed. The remaining land does not meet the zoning requirements as to depth. See Sec. 10.2. Accordingly, there remains the probability that the residue would be regarded as open space.
Based upon my viewing of the property, and considering all the evidence, the appropriate law as well as my own knowledge of the elements constituting value, it is concluded that the damages are calculated as follows: CT Page 5862
 Value Before the Taking $135,000 Value After the Taking $ 8,000 -------- Damages $127,000
Judgment may enter for the plaintiffs for the further sum of $41,000 in addition to the $86,000 already paid, together with interest on said further sum of $41,000 at the rate of 9% from the date of taking (April 5, 1991) to the date of payment, together with costs and an allowance of $1,200 as an appraiser's fee.
John M. Alexander State Trial Referee